In re NICOLE GAS PRODUCTION, LTD., Debtor.

No. 09–52887.

United States Bankruptcy Court, S.D. Ohio, Eastern Division, at Columbus.

Sept. 27, 2013.

---

James A. Lowe, Robert C. Sanders, Law Office of Robert C. Sanders, Upper Marlboro, MD, Counsel to Freddie L. Fulson.

***ORDER TO SHOW CAUSE WHY THE CHAPTER 7 TRUSTEE'S OBJECTION TO THE PROOF OF CLAIM FILED BY FREDDIE L. FULSON SHOULD NOT BE SUSTAINED***

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

Freddie L. Fulson ("Claimant") filed a proof of claim in the Chapter 7 case of Nicole Gas Production, Ltd. ("Debtor" or "NGP") that was designated on the claims register as claim number 4 ("POC"), asserting a secured and priority claim for past due salary in the amount of $1.4 million plus interest. In his objection to the POC ("Objection") (Doc. 106), the Chapter 7 trustee of the Debtor's estate, Frederick L. Ransier ("Trustee"), argues that the Claimant has neither a secured nor a priority claim. The Trustee also takes the position that the Claimant has no claim at all against the Debtor's estate and requests that the Court disallow the POC in its entirety.[1] The Claimant attached to the POC a document entitled "Board of Directors Meeting," which states that:

> The undersigned being the sole shareholder and Board of Director of Nicole Energy Marketing, Inc., the Corporation by written consent dated December 31, 2005 certify that Nicole Gas Production, Ltd., owes its General Manager Freddie L. Fulson, the sum amount of $125,000 plus interest for salary not paid to him for the years of 2000, 2001, 2002, 2003, 2004, 2005 and the Corporation will continue to owe Freddie I. Fulson his annual salary until he is paid in full for all years due him.

> The sole shareholder and Board of Director are in agreement to this vote that Freddie L. Fulson is due his salary for as long as he is the General Manager of Nicole Gas Production, Ltd., and this vote to pay Freddie L. Fulson is amended every year in the future that Freddie L. Fulson is due his salary.

> The resolution is in accordance with the Corporation by-laws and is adopted under the by-laws and under the sole shareholder and Board of Director on this date of December 31, 2005 by the signatures:

| Dated: December 31, 2005 | Freddie L. Fulson |
| --- | --- |
| | [Signature of Freddie L. Fulson] |

---

1. The Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B).

Attachment to POC. The Court will refer to this document as the "Written Consent."

 Under the Federal Rules of Bankruptcy Procedure, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). Because the POC was properly executed and filed, the Trustee has "the initial burden of making a colorable challenge" to the POC. *In re Tudor*, 342 B.R. 540, 550 (Bankr. S.D.Ohio 2005). In general, once the objecting party meets the burden of making a colorable challenge to a proof of claim, "the burden of going forward shifts to the creditor, and the creditor bears the ultimate burden of persuasion." *Id.* Because a "right to payment" constitutes a claim within the meaning of the Bankruptcy Code, 11 U.S.C. § 101(5)(A), "the first step in the claims process is always to determine whether there is a right to payment." *In re Taylor*, 289 B.R. 379, 383 (Bankr. N.D.Ind.2003).[2]

 The Trustee contends that the POC should be disallowed because "Claimant fails to attach . . . any . . . document showing evidence of the claimed salary amount, an annual salary amount, or of any interest due and owing" and because "[t]here is no evidence provided that said claim should be treated as secured or entitled to priority treatment." Objection at 2. Although the Claimant attached the Written Consent to the POC, the Written Consent does not establish the reasonable value of services the Claimant provided to NGP and,

as explained below, it is the reasonable value of the Claimant's services that establishes the allowable amount of his claim, if any, against the Debtor's estate. In addition, there is nothing in the POC suggesting that the Claimant has a claim against the Debtor's estate that is entitled to priority or secured status. Thus, the Trustee has met his burden of making a colorable challenge to the POC.

Furthermore, the Claimant has not carried his burden of persuading the Court that he has any claim against the Debtor's estate. In his response to the Objection ("Response") (Doc. 115), the Claimant states that "[s]ince [he] was appointed general manager the only proof necessary was that of the board of directors." Resp. at 1. He presumably is referring to the board of directors of Nicole Energy Marketing, Inc., ("NEM"), whose only member was the Claimant. The suggestion seems to be that NEM, acting through its board, authorized the Claimant's compensation as NGP's general manager. *See* Ohio Rev. Code § 1705.31(A)(3) ("Irrespective of any financial or personal interest of any member or manager, the members of a limited liability company by the affirmative vote of a majority of the voting power of the company if the management of the company is reserved to the members, or the managers of a limited liability company by the affirmative vote of a majority of those in office if the management of the company is not reserved to its members, have authority to establish reasonable compensation for services rendered to the company by its members, managers, and officers or may delegate that authority to one or more

2. The Bankruptcy Code "is usually referring to a right to payment recognized under state law." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 451, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007). A right to payment may give rise to a claim "whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5).

managers or officers."). The Written Consent states that it "is in accordance with the Corporation by-laws and is adopted under the by-laws[,]" Attachment to POC, but the Claimant has not provided copies of the by-laws.

It appears that the Claimant was in control of the Debtor prior to the commencement of its bankruptcy case and accordingly was an insider of the Debtor. *See* 11 U.S.C. § 101(31)(B)(iii). As an insider, the amount of the Claimant's claim for salary, if any, is limited by § 502(b)(4) of the Bankruptcy Code, which provides for the disallowance of a claim to the extent that the claim "is for services of an insider ... [and] *such claim exceeds the reasonable value of such services* [.]" 11 U.S.C. § 502(b)(4) (emphasis added). The Claimant has provided no evidence of the reasonable value of any services he provided to the Debtor. Unless he can do so, the POC must be disallowed in its entirety.

█ Moreover, even if the Claimant had a claim against the Debtor's estate, the claim would be neither secured nor entitled to priority. Under the Bankruptcy Code, a claim is secured if the creditor has a lien on property in which the debtor's estate has an interest, or if the creditor has a right of setoff. To be more precise, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property," 11 U.S.C. § 506(a), and "[a]n allowed claim of a creditor ... that is subject to setoff under section 553 of this title ... is a secured claim ... to the extent of the amount subject to setoff...." *Id.* The Claimant asserts that the value of the property securing his claim is $1.4 million and identifies the nature of the property as "Other," but he has not provided any documentation demonstrating that he has a lien on property in which the

Debtor's estate has an interest, nor has he shown that he has a right of setoff.

Likewise, the Claimant has provided no support for his purported claim's asserted priority status under § 507(a) of the Bankruptcy Code, which governs the priority of claims in bankruptcy. The statement of financial affairs ("SOFA") (Doc. 28) that the Claimant prepared for filing by the Trustee states that "there was no business operation of this company from 03/2004 until present." SOFA, answer to question 19.c. And any services the Claimant provided to NGP apparently were performed from approximately October 2001 to December 2003—more than five years before the Debtor's bankruptcy case was commenced. *See* SOFA, answer to question 19.a. In light of this time frame, the Claimant's salary claim cannot be entitled to priority under § 507(a) of the Bankruptcy Code. The only subsections of § 507(a) that might apply to salary claims are § 507(a)(2) (providing a priority for "administrative expenses allowed under section 503(b)," including "salaries ... for services rendered *after* the commencement of the case[,]" § 503(b)(1)(A)(i) (emphasis added)), § 507(a)(4) (providing a priority for a certain amount of salary "earned within 180 days of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first") and, because this is an involuntary case, § 507(a)(3) (providing a priority for allowed unsecured claims arising between the petition date and the date of the order for relief). The Claimant does not state in the POC or in the Response that he performed any services for NGP during these time periods.

For the reasons set forth above, even if the Claimant is determined to have a claim against the Debtor's estate based on the reasonable value of any services he provid-

ed to NGP, the claim is an unsecured, nonpriority claim.

**Notice of Opportunity for a Hearing**

■ Bankruptcy Rule 3007 provides that once an objection to a claim is filed a "copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing." Fed. R. Bank. P. 3007(a). And § 502(b) provides that "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition...." 11 U.S.C. § 502(b). As one court has stated:

> Although both sections would seem to imply that a hearing is required in every situation where an objection has been asserted, section 102(1) of the Bankruptcy Codes notes that
>
> "'after notice and a hearing', or a similar phrase—
>
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if—
>
> (i) such a hearing is not requested timely by a party in interest; or
>
> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]"
>
> Consequently, section 102(1) makes it clear that a hearing is not statutorily required, but only that parties are given an opportunity for a hearing and may have a hearing if it is so requested.

*State Univ. Constr. Fund v. D.A. Elia Constr. Corp. (In re D.A. Elia Constr. Corp.)*, No. 99–CV–0546E(H), 2000 WL 1375739, at *4–5 (W.D.N.Y. Sept. 22, 2000) (internal quotation marks omitted).

It is ORDERED that the Claimant shall have until November 1, 2013 to file a response to this order and a request for a hearing on the POC and on the grounds for disallowance of the POC set forth in the Objection and this order. If the Claimant timely files a response and a request for a hearing, then the hearing shall be held on December 9, 2013 at 9:30 a.m. in Courtroom A, United States Bankruptcy Court, 170 N. High Street, Columbus, Ohio 43215. If the Claimant does not timely file a response and a request for a hearing, then the Court will enter an order disallowing the POC in its entirety.

**IT IS SO ORDERED.**